UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL G. PERKINS,

    Petitioner,

v.

DOUG WADDINGTON,

    Respondent.

Case No. C05-5247FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
JULY 29th, 2005**

    This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner in this action is seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

    As a preliminary matter the response to the Order to Show Cause was due June 3rd, 2005. On May 26th, 2005 petitioner filed a motion for extension of time. (Dkt. # 4). One day before the deadline, June 2nd, 2005 the response was filed. (Dkt. # 5). In light of a timely response being filed the motion for an extension of time is **DENIED.**

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

    Petitioner filed a second or successive state personal restraint petition several years after his personal restraint petition on the same issues was denied. (Dkt. # 1). After his second petition was denied he filed in federal court. This court entered an order to show cause why the petition was not time barred and petitioner's response does not address that question. (Dkt. # 5). The petition is time barred and should be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244 (d).

REPORT AND RECOMMENDATION Page - 1

FACTS

Petitioner originally challenged his transfer from Washington to a private facility in Colorado and his petition was stayed pending a decision in the related case of <u>In Re Matteson</u>, 142 Wn. 2d 298 (2000). In November of 2000 the Washington State Supreme Court held this group of inmates was not entitled to a hearing prior to transfer and the state had the authority to contract with a private prison to house inmates. Plaintiff's original petition was dismissed March 6th, 2001. (Dkt. # 1).

In December of 2003, over two years later and well after the one year statute of limitations for the filing of this habeas had elapsed, the state court of appeals dismissed a second petition as second and successive. Review was denied by the state supreme court in September of 2004 and this petition was filed in April of 2005. Given the amount of time since the first petition was dismissed it appeared this action was time barred and an Order to Show Cause was entered. (Dkt. # 3).

Petitioner argues in his response that the issues he raised in his first personal restraint petition were not all addressed in the <u>Matteson</u> decision. (Dkt. # 5). He does not address the court's concern that this habeas petition is time barred. His argument is not responsive to the order to show cause and this case appears time barred.

DISCUSSION

<u>One Year Limitation Period of 28 U.S.C. § 2244(d)</u>

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION Page - 2

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's issue became final for purposes of 28 U.S.C. § 2244(d) when his first petition was denied on March 6th, 2001. He has never placed before the court the date his second petition was filed in superior court. The second petition was denied in December of 2003 as a second or successive petition. Review of that denial was denied September 9th, 2004.

The court entered an order to show cause and directed the petitioner to address the one year statute of limitations issue. Petitioner's response does not address the court's concerns. As the petitioner has not shown the petition is timely and the second petition was dismissed as a second or successive petition the court recommends **DISMISSAL** of this petition as time barred and procedurally barred.

## CONCLUSION

This petition appears time barred and is procedurally barred. Petitioner has not addressed the one year statute of limitations issue in his response to the order to show cause. Accordingly the undersigned recommends this petition be dismissed as time barred and procedurally barred. A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 29th 2005**, as noted in the caption.

DATED this 28th day of June, 2005.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION Page - 3